NEW-YORK,
Oct. 1815.

HOLMES
v.
NUNCASTER.

━━━◦◦◦◦━━━

## HOLMES *against* NUNCASTER.

An officer, sued for taking goods under an execution, need only give the execution in evidence.
Money, or bank notes, may be levied on, under an execution.

IN ERROR, on *certiorari* to a justice's court.

This was an action of *trover*, brought by *Nuncaster*, in the court below, against the plaintiff in error, for bank notes, to the amount of 22 dollars. The defendant below, a constable, being present when some money was paid to the plaintiff below, and some conversation arising about the money being good, it was handed to the defendant, by the plaintiff, for examination, and thereupon the defendant, having in his hands an execution against the plaintiff, kept the money, and applied it to the payment of the execution, and refused to deliver it to the plaintiff on its being demanded.

The return states that the defendant offered in evidence the execution, which was objected to, but admitted. Judgment was given for the plaintiff below.

*Per Curiam.* What the objection was to the admission of the execution in evidence, does not appear. The execution was all that it was necessary for the constable to show in his de-

NEW-YORK,
Oct. 1815.

HOLMES
v.
NUNCASTER.

fence, provided he had a right to take money under it; he was not bound to show the judgment. It appears, from the plaintiff's own testimony, that the money was claimed to be held by the defendant under an execution against him; so that the only question is, whether the constable had a right to levy and hold the money under the execution. The money came into his hands by delivery from the plaintiff himself, though for another purpose; so that no question arises as to the levy of the execution, or how far an officer would be authorized to go in this respect; but, having the money in his hands, there can be no good reason assigned why it should not be applied to the satisfaction of the execution. Indeed, we have expressly decided, in *Handy* v. *Dobbin*,* that *money* or *bank bills* may be taken in execution; and on looking again at the cases, we find nothing to induce us to doubt of the soundness of that decision. Lord *Mansfield*, in the case of *Armistead* v. *Philpot*, (*Doug.* 231.) said that there were some old cases in which it had been held that the sheriff could not take money in execution, even though found in the defendant's *scrutoire*, and that a quaint reason was given for it, viz., that money could not be sold. But it is evident that he did not think this a sound reason, and the result of the motion in that case would seem pretty strongly to sanction the right of the officer to take money under an execution. This, however, has been otherwise ruled in the *K. B.* in later cases, (4 *East*, 510.† 9 *East*, 48.‡) and carried so far, that the court would not allow the sheriff to apply surplus money raised on a sale of property under an execution, to the satisfaction of another execution in his hands against the same defendant, although no other property was to be found. In the case, however, of *The King* v. *Webb*, (2 *Shower*, 166.) it was ruled, that a sheriff may take ready money under a *levari facias*; and, in this respect, there is no difference between a *levari facias* and a *fieri facias*; and, in *Dalton's Sheriff*, 145., it is expressly laid down, that money may be taken under a *fieri facias*. The supreme court of the *United States*, in *Turner* v. *Fendall*, (1 *Cranch*, 117.) after examining all the cases, adopt the same doctrine. They say they could perceive no reason why an execution should not be levied on money; the one given in the books, that money could not be sold, was not a good one. The reason of a sale is, that money only will satisfy an execution; and if any thing else be taken, it must be turned into

*Ante*, 220.

† *Fieldhouse* v. *Croft*, et vide *Francis* v. *Nash*, *Rep. temp. Hardw.* 53, ‡ *Knight* v. *Criddle*.

money; but this can be no good reason for refusing to take the very article, to produce which is the sole object of the execution. We are of opinion that the judgment below must be reversed.

Judgment reversed.