WILLIAM A. PRENTISS *vs.* MOSES BLISS.

Money of a debtor in his possession may be taken on execution, if the officer can seize the same without a violation of the personal security of the debtor.

A sheriff who has collected money on an execution is not justified in applying it in satisfaction of another execution against the creditor in the former one.

Neither can money collected by an officer on execution be attached, while in his hands, as the property of the creditor in the execution.

Action on the case against the defendant as sheriff of the county of Chittenden, founded on a receipt executed by his deputy for an execution in favor of the plaintiff against Joseph Sinclear, which the deputy had received to serve, levy and return. The first count was for not paying over the money collected on said execution on demand made. The second count was for not returning the execution. The defendant pleaded, first, the general issue, which was joined to the court ; and secondly, in bar, that the execution was paid by Sinclear to the officer holding it in Burlington bank bills, which were received by said officer, and the execution was by him endorsed satisfied ; and that immediately after, the bills were attached at the suit of said Sinclear against Thomas M. Taylor and *William A. Prentiss*, the plaintiff in this suit, on a legal writ of attachment, which was duly returned, and was, at the time of the trial, pending in court. To this plea the plaintiff demurred. The county court rendered judgement for the defendant, and the plaintiff appealed to this Court.

*Mr. Porter, for the plaintiff,* contended, that money collected by an officer on execution is not subject to attachment at the suit of plaintiff's creditors.— *Conant vs. Bicknell,* 1 *D. Chip.* 50. That money collected by an officer is not, while in his hands, the property of the creditor.—*Turner vs. Tendall,* 1 *Cranch,* 117. That an officer, having collected money on an execution, cannot be held as trustee of the creditor, and is not even liable to the creditor until demand.—*Wilder vs. Bailey and Trustee,* 3 *Mass.* 289.

*Mr. Adams, for the defendant:*—1. Bank bills are subject to attachment and seizure on execution. It seems to have been the policy of our laws to subject every thing to the claims of creditors. —*Stat.* 209. It was once considered that nothing could be subject to attachment, except it could be sold ; and that as money could not be sold, it could not be taken. But this notion has given place to common sense ; and as the object is to raise money by the seizure and sale, if money can be procured, it may be taken.— *Armistead vs. Philpot,* 1 *Doug.* 231 ; *King vs. Webb,* 2 *Show.*

CHITTENDEN
January,
1832.

Prentiss
vs.
Bliss.

166 ; *Hands* vs. *Dobbin*, 12 *Johns.* 220 ; *Holmes* vs. *Nuncaster*, same, 395 ; *Turner* vs. *Fendall*, 1 *Cranch*, 117.

2. The bills became the property of the plaintiff from the moment they were paid over to the officer. I am aware that this was considered a point of difficulty in the case of *Turner* vs. *Fendall*; but, with great deference, it seems to me, those objections were rather fanciful than otherwise. It is very clear, that when the execution is paid, the bills cease to be the property of the debtor ; and the question is, whose do they then become ? That the officer has power over them, and by improperly mingling them with his own money, or otherwise converting them, *may* make them his own, is readily admitted. And so may any one who receives bills, money, or other articles, for a special purpose, or on a special deposit, by improper conduct, deprive the owner of his interest. But it does not follow that, therefore, the property is changed. There are numerous cases showing, that where money, bills of exchange, goods, &c., have been received for a particular purpose, they do not become the property of the person who has them in possession ; and, on his becoming bankrupt, will not go to his assignees.—2 *Stark. Ev.* 185, 190, and cases there cited. The officer, in legal contemplation, is the agent of the creditor ; and on the receipt of the money, it becomes the creditor's, and may be followed and claimed by him so long as it can be designated. If, when the money is paid, it is enclosed in the execution, or otherwise labelled, it is as much the creditor's as if it had been paid to him. If the officer should become bankrupt, his assignees could not hold it. If the money was forcibly taken from the officer, the creditor might sue for it : on the death of the officer, it would not pass to his administrator. To show that it becomes the property of the creditor, let us inquire if the officer could attach it ? I trust not. There is no reason why the creditor should say, it is not his. If the officer has done his duty by keeping the money distinct, it is not for the creditor to reject it. The creditor by his refusal cannot change the nature of the property, nor thus evade the claims of his creditors. So far as policy is concerned, it is, we think, good policy to put such a construction upon the law as will best effect the intention of the legislature, and subject every thing of a tangible kind to the claims of creditors.

The opinion of the Court was delivered by,

WILLIAMS, J.—This case comes before us on demurrer to the

defendants plea, a final judgement having been rendered for the
defendant in the county court. This question alone is presented :
whether a sheriff, having collected money on an execution, is jus-
tified in applying that money in satisfaction of another execution
against the creditor in the first execution. In this case it is dis-
closed in the plea, that the money which was collected for the
plaintiff was bank bills ; but this cannot affect the question under
consideration. Bank bills pass,and are received as money, though
there might be a greater inconvenience in subjecting bills to the
process of attachment or execution than specie, as they are not
always true representatives of the latter at their nominal value.

It has been a vexed question, and has been much agitated in
this case, whether money can be taken on attachment or execu-
tion. The authorities are conflicting upon the subject. The
current of English cases is against the position, that it can be so
taken.—*Fieldhouse* vs. *Croft*, 4 *East*, 510 ; *Knight* vs. *Criddle*,
9 *East*, 48 ; *Willows* vs. *Ball*, 2 *New Rep.* 376. On the other
hand, the American cases recognize the principle, that it may be
taken and levied on, if found in the possession of the defendant.—
*Williams* vs. *Rogers*, 5 *Johns.* 163; *Hands* vs. *Dobbin*, 12
*Johns.* 220 ; *Holmes* vs. *Nuncaster*, 12 *Johns.* 395 ; *Turner* vs.
*Fendall*, 1 *Cranch*, 117. If the decision of this question was
necessarily involved in the case now to be adjudged, we should de-
cide that money of a debtor in his possession may be taken on ex-
ecution, if the officer can levy on the same without a violation of
the personal security of the debtor.

It does not follow from this, that money in the hands of a sher-
iff, as in the case under consideration, can be levied on, unless the
identical money collected by the sheriff becomes the property of
the creditor.

The Court consider that the sheriff, or other officer, who col-
lects money on an execution, becomes thereby indebted to the
creditor for the amount collected; that he does not hold the
identical pieces of money, or bills received, as the agent merely of
the creditor, without being accountable for their loss, or their de-
preciation in value, if received in bills ; and that there is no dis-
tinction, so far as it regards the right of any other creditor
to appropriate the amount in satisfaction of a debt, between
an indebtedness arising from this consideration, or any other.
The case from *New Reports*, before mentioned, and the case of
*Conant* vs. *Bicknell*, 1 *D. Chip.* 50, were decided on this
ground ; and *Judge Marshall*, in the case of *Turner* vs. *Fendall*,

CHITTENDEN,
January,
1832.

Prentiss
vs.
Bliss.

says expressly, " that a right to a sum of money in the hands of the sheriff can no more be seized than a right to a sum of money in the hands of any other person ; and however wise or just it may be to give such a remedy, the law does not appear yet to have given it."

The fallacy of the ground assumed, that the money collected on an execution becomes the money of the creditor, will manifestly appear by enquiring, whether an action of trover could be maintained against the sheriff when he neglects to pay over the money ? Whether, if the money was stolen or lost, it would be the loss of the officer or creditor ? Whether, if received in bills, which at the time, or at any time thereafter, should be subject to a discount, or bear a premium, the creditor would sustain the loss, or have the benefit of the premium ? No one I believe would hesitate to answer all these questions in the negative.

It has been intimated that the court, on an application to them, might direct a sheriff to retain a sum of money levied for the defendant, in another action in which he was plaintiff, to satisfy a demand against him, where there are no other goods nor property, and when the equitable rights of others do not interfere ; and the case of *Armistead* vs. *Philpot, Doug*. 231, was one of this kind, where such an application was made and not resisted. Yet we are not aware that it has ever been intimated, that, without such application and direction, the sheriff would be authorized or justified in so doing.

Neither do we see any of the absurdities attending this view of the case which have been urged in the argument. It has been said that it is idle to require him to pay over the money to the creditor, when it would be his duty immediately to levy on the same, as soon as it came into the possession of the creditor. But it may be remarked, that there is no greater absurdity in this, than there is in requiring him in all cases to forbear levying on property, until it becomes the property of the person, for whose debt he is about to levy. Whether he or any other person is indebted, and about to make a payment, and whether this payment is to be made in money, or specific articles, he, as sheriff, cannot stop the payment, and seize upon the money or specific articles, until they have become the money or property of the person for whose debt he takes it. Nor do we see any absurdity in an officer making a return of *nulla bona* on an execution or attachment, when he can find no money, goods nor chattels, which are liable to be seized, and taken thereon.

We can find no principle which would justify an officer in thus

making the application of money collected by him on an execu-<span></span>CHITTENDEN
January,
1832.

tion in satisfaction of another execution against the creditor. We
cannot recognize his authority to decide between different creditors, Prentiss
nor to set off their several debts, one against the other : but we vs.
Bliss.
think his duty is plain, and is not to be embarrassed by any pro-
ceedings of this kind. When he collects money on an execution
he must pay it over to the plaintiff therein, unless it is stayed in
his hands by order of some court of competent jurisdiction.

The judgement of the county court must be reversed, and
judgement rendered for the plaintiff on this plea, that the same is
insufficient.

The cause will then be remanded to the county court for the
trial of the other issues joined in the case.