Shields, Justice, delivered the opinion of the court: This was an action of trespass, for taking and carrying away certain articles of personal property of the proper goods and chattels of Eliza Hob-son, alleged to be worth $-450. The defendant pleaded that an execution issued from the clerk’s office of said county, in favor of William B. Pegram, against Charles F. Hobson, commanding the said defendant, as sheriff of said county, to make of the proper goods and chattels of the said Charles F. Hobson, the sum of §117.84, and also the sum of $8.88 in damages, and $9,624- costs, with interest, and which said execution, bearing date the 17th day of August, 1841, came to the bauds of the defendant, as sheriff of said county, and that the defendant, by virtue of said execution, then and there being sheriff, then and there seized upon the property mentioned in said declaration, as the property of Charles F. Hobson; and the said defendant further averred that the said property was not the property of Eliza Hobson, but the property of the said Charles F. Hobson. To this plea the plaintiff replied that the said articles of property in the declaration mentioned were the property of the said Eliza Hobson, and not the property of the said Charles F. Hobson. The defendant demurred to the replication, and the court sustained the demurrer to the defendant’s plea, and the defendant saying nothing further, judgment was rendered against him; and, upon enquiry, damages were assessed, and judgment rendered against him for the sum of $172,624. The cause is brought to this court by appeal, and the judgment of the court below, in sustaining the demurrer to the defendant’s plea, is assigned for error. The question raised by this assignment of error is, whether a sheriff, when sued in trespass, as in the present case, can justify under the writ of execution, without setting out the judgment upon which such writ was founded. This question is to be determined wholly upon authority, and it must be admitted, that there is considerable apparent conflict in the books on the subject. One of the first cases bearing upon the point is to be found in 2 Ld. Raym. 733 ; the case of Lake v. Billers et al. In an action of trespass against the sheriff, and not guilty pleaded, he gave in evidence that he levied upon the [* 417] goods by virtue of a writ of fieri facias. The plaintiff claimed the same goods by virtue of a prior sale. Holt, Chief Justice, who decided the cause, said, “That the defendant, though sheriff, ought to give in evidence a copy of the judgment, but it would have been otherwise, if trespass had been brought by the person against whom the fieri facias was issued.” In Martyn v. Podger et al. 5 Burr. 2631, Lord Mansfield ruled that the action being brought by a stranger, a copy of the judgment should have been given in evidence. These decisions countenance, to some extent, the impression, that in an action by the defendant, in the original execution, the writ will be a sufficient justification to the sheriff, but if sued by a stranger, he will be compelled to give the judgment upon which the writ is founded' also in evidence. There is, however, another distinction observable in each of these cases. The plaintiff claimed the property by virtue of a sale, which sale the officers contested on the ground of fraud; and to avoid the sale on this ground, he was bound to show that he-acted in right of a judgment creditor. In the case of High v. Wilson, sheriff of Washington county, 2 Johns. 47, the defendant being sued in trespass, contested the plaintiff’s title to the goods, on the ground that the sale was fraudulent. The court, however, in- deciding the point now under consideration, failed to notice the distinction already alluded to, and said, “ It is settled that when a stranger sues the sheriff, the latter must, produce the judgment, as well as the writ to justify the seizure.’’ This decision is based on the authority of the case in 5 Burr. 2631. In Barker et al. v. Miller, 6 Johns. 195, the court, in deciding this question, said, that proof of the seizure was enough, without producing the judgment, and uses the following language: “ The rule that the officer must show a judgment does not apply, when sued-in trespass by a stranger.” This rule, it will be observed, is the very reverse of that laid down in 5 Burr, and 2 Johns; The decision in this particular case is evidently correct; but this rule, thus laid down, is in conflict with all the other authorities which have come to our notice on this subject. The case of Holmes v. Newcaster, 12 Johns. 395, was trover against a constable for taking bank notes in execution. The court decided that the officer could justify under the writ, without showing the judgment. The plaintiff in this case was the defendant in the original execution. In Dawson v. Bryant, 2 Pick. 413, which was an action of trespass, it is laid down that when an officer is sued in trespass, by the vendee of goods, and contests the plaintiff’s title, on the ground of fraud, if he justifies under a writ of attachment, he must show a debt, or if under execution, a judgment. Parker, Chief Justice, recognises the distinction in this case, that a judgment is only neat'* 418]'essary to be given in evidence, where there is a contest for the title of goods; on the ground of fraud. In the case of Parker v. Waldron, 16 Wend. 517, decided in the court of errors of New York, the doctrine on this subject is ably discussed, and the chancellor, after the examination of the authorities on the subject, lays down the following as the result of his examination: “The settled rule of common law, at least in this state,” he says, “ is that a mere ministerial officer, who executes the process of a court having jurisdiction of the subject matter, and having also jurisdiction to issue such process, in general, or in certain specified cases, is protected in the execution of such process, if it is regular on its face, and apparently within the jurisdiction of tho court issuing the same.” The general rule is, therefore, to be now considered well established, that the production of the writ under which the officer acts is, as to him, a sufficient justification. Indeed any other rule might operate unjustly, in many instances, where writs issue to officers of distant counties, who are commanded to obey their mandates, and are held responsible for neglect; and who cannot tell whether the writs they are thus required to execute are based upon subsisting judgments or not. In a case of Stephens v. Frazier, 2 Munroe 250, the principles which govern the case now under consideration was discussed with great clearness, and the distinctions, which have created apparent confusion in the books, elucidated with singular felicity. The action was replevin, brought by Joseph Stephens against Frazier, who, as deputy sheriff, acknowledged the taking, and justified, under execution against Samuel Stephens, by averring that all the property taken was the property of the said Samuel. It was objected that this plea of cognisance was bad, for not averring a subsisting judgment, upon which the execution issued. The court said that after pleading the execution, all that was necessary on the part of the defendant, was to aver that the property levied on was that of Samuel Stephens, and subject to the execution. This was sufficient on the face of the cognisance, to show a right to a return, and a justification of the seizure. “ It was not necessary to aver that the executions were issued upon subsisting judgments. The necessity of showing a judgment resulted from the plaintiff’s proof of purchase, to avoid which, it might be necessary to show that the plaintiff in execution was a judgment creditor, by the production of the judgment.” The court goes on to say that the defendant could not be expected to anticipate proof of a purchase on the part of the plaintiff; and when such proof was given, he ought to be allowed to repel it by the introduction of the judgment. This reasoning is applicable in all its force to the present case. The plea amounts to the general issue, and the court, on motion, might have stricken it out, and have directed the general issue to be pleaded in its stead; or, being defective in form, it might have been reached by special demurrer; but, [*419] special matter being pleaded, amounting to the general issue, and no objections being made, the matter set forth must constitute a good bar to the action. Gould’s Plead. 346, § 80 ; 3 Munroe 473. Does the matter set forth in the plea constitute a good defence to the action ? Eliza Hobson sued the defendant in trespass, for taking goods. The plea acknowledges the taking, and shows that, as sheriff, he took them by virtue of an execution against Charles F. Hobson, and avers that the goods are the property of said Charles F. Hobson. If the facts set forth in the plea are true, and their truth is admitted on demurrer, the plaintiff lias no cause of action. The replication denies that the goods are the property of Charles F. Hobson; and on the trial of this issue, if the plaintiff proved a sale from the defendant anterior to the levy, it might be necessary, in order to rebut this testimony, and defeat the sale on the ground of fraud, to giye the judgment in evidence ; but this does not make it necessary to plead the judgment. The decision of the court below, in sustaining the demurrer to the plea, is erroneous. The judgment is therefore reversed, at the costs of the appel-lee, and the cause remanded. Judgment reversed.