## CLARKE v. SHAW and another, Trustee.

*(Circuit Court, D. Vermont.  August 14, 1886.)*

ATTACHMENT—EXEMPTIONS—MONEY COLLECTED BY MARSHAL.
Money collected by a United States marshal on an execution issuing out of the United States circuit court, and held by him as trustee of the defendant, is not subject to attachment.

Attachment of Money Held by a Trustee as United States Marshal.
*Guy C. Noble,* for plaintiff.
*Dudley C. Denison* and *Joseph D. Denison,* for Trustee.

WHEELER, J.  The trustee, as marshal of this district, has $884.98 in his hands which he has collected on an execution issued out of this court in favor of this defendant.  The statutes of the state provide that "a person having goods, effects, or credits of the defendant intrusted or deposited in his hands or possession," may be summoned as a trustee, and that "such goods, effects, and credits shall thereby be attached, and held to respond to the final judgment in the suit."  Rev. Laws, § 1068.  The marshal has been summoned as trustee of the defendant in this suit commenced in a court of the state to attach and hold the money so collected under that statute, and the suit has been removed into this court.  The question now is whether this money in the hands of the marshal can now be held in that manner.

It is held by the highest courts of the state that money collected by a sheriff on execution may be attached by such trustee process. *Hurlburt* v. *Hicks,* 17 Vt. 193; *Lovejoy* v. *Lee,* 35 Vt. 430; *Adams* v. *Lane,* 38 Vt. 640.  The contrary was held in *Turner* v. *Fendall,* 1 Cranch, 116, and in *Wilder* v. *Bailey,* 3 Mass. 289.  It is argued with plausibility, in behalf of the plaintiff, that this proceeding rests on a statute of the state, and that the construction of the statute by the highest court of the state should govern.  This argument is well founded, so far as the proceeding rests upon the statute of the state; but this money is held by the trustee as marshal under and by virtue of the laws and authority of the United States.  The manner of the holding is to be determined upon those laws and the effect of the proceedings under them, which have resulted in the collection of the money by the marshal.  The question is whether the money when collected is so held by the marshal as to come within the operation of this statute of the state.  It is not claimed or doubted but that a marshal holding specific property in his hands by virtue of the process of a court so holds it that it cannot be interfered with by any other officer or process.  *Freeman* v. *Howe,* 24 How. 450; *Lammon* v. *Feusier,* 111 U. S. 17; S. C. 4 Sup. Ct. Rep. 286; *Covell* v. *Heyman,* 111 U. S. 176; S. C. 4 Sup. Ct. Rep. 355.

It is argued that this does not apply to money collected on execu-

tion. But the marshal is subject to the control of the court as to any property or money in his hands by virtue of the process of the court, so long as he holds it, to be exercised on behalf of any party interested in it on proper proceedings instituted for that purpose, to prevent abuse or perversion of the process, and to insure due execution of it. *Van Norden* v. *Morton*, 99 U. S. 378; *Krippendorf* v. *Hyde*, 110 U. S. 276; S. C. 4 Sup. Ct. Rep. 27. This control would be lost if he could be compelled to take the property or money before any other court, and submit it to judgment there. Money so held by him under the control of the court is not intrusted or deposited with him, or in his hands, within the meaning of that statute. It is still in the custody of the law. It is not subject to attachment any more than money in the hands of a disbursing officer of the government, to be paid over to an employe, would be, (*Buchanan* v. *Alexander*, 4 How. 20,) or a dividend in the hands of an assignee in bankruptcy for a creditor would be, (*Gilbert* v. *Lynch*, 17 Blatchf. 402; S. C. 1 Fed. Rep. 111.)

Trustee discharged, with costs.