## FERRIN *vs.* SYMONDS.

The general rule of law is, that where one enters upon the land of another, in virtue of a license in law: in order to render the original entry a trespass, and the party so entering a trespasser *ab initio*, the subsequent act relied upon for that purpose must be in itself forcible, and an act of such a nature that trespass would lie, if no authority or right existed for its commission.

Where a deputy sheriff, having in his possession a writ of attachment for service, entered upon the land of the defendant in the action, for the purpose of attaching his goods there situate, and took and carried away the same goods, and deposited them in a place in the open air, but in which they were in no danger of injury, except from malice or wantonness, and a portion of the same were afterwards destroyed by some person unknown; it was *held*, that he did not thereby become a trespasser *ab initio*, nor liable as such in trespass for the original entry.

TRESPASS, for breaking and entering the plaintiff's close,

in Warner, in this county, on the 29th day of December, 1837, and taking and carrying away one waggon, and two sleighs, the property of the plaintiff. The writ in this case was issued on the second day of January, 1838. At the time of the alleged trespass the defendant was a deputy sheriff of the county of Merrimack. On December 29, 1837, Joshua George sued out a writ of attachment against the plaintiff, in an action of trover, for ten tons of hay, returnable to the court of common pleas for Merrimack county, at the March term, 1838, and delivered it to the defendant for service. On the same day, the defendant entered upon the plaintiff's premises, and attached the waggon and two sleighs, as his property, and removed the same a short distance, and left them on land claimed by George, the plaintiff in that action. The defendant applied to a neighbor to store the property, but was not able to find a place where it could be stored. It was extremely difficult to remove the property, the roads being badly drifted.

The place where the property was left, was in the open air, near the road, but was a safe situation to leave it in, and one where it was in no danger of being injured, except from malice or wantonness.

The writ was duly returned. About the middle of April, 1838, the waggon and one of the sleighs were maliciously cut in pieces with an axe, in the night-time, by some person unknown. Up to that time the property had remained safe and undisturbed, where the defendant left it.

It was agreed by the parties, that if this court should be of the opinion that the defendant was liable in this action, judgment should be rendered for the plaintiff, for his damages, to be assessed by an auditor; otherwise, for the defendant for his costs.

*H. B. Chase, & Nesmith,* for the plaintiff.

*S. D. Bell,* (with whom was *Perkins,*) for the defendant, contended, that the defendant was justified by the precept,

in entering upon the premises of the plaintiff, and making the attachment, and removing the property ; and that he was liable only for his own acts, and could not be held answerable for the subsequent malicious trespasses of others, who had destroyed the property. He cited 3 *Wilson* 20 ; 5 *Wend.* 596 ; 4 *N. H. Rep.* 530 ; 8 *Ditto* 220.

Woods, J. The case finds that on December 29, 1837, the defendant entered upon the close of the plaintiff, and took and carried away therefrom a waggon and two sleighs, the property of the plaintiff, and that, afterwards, the waggon and one of the sleighs were maliciously cut in pieces by some person unknown. And these are the facts relied upon, as entitling the plaintiff to a judgment in this action. It farther appears, however, from the case, that the defendant was at that time a deputy sheriff, and that he entered upon the close acting in his official capacity, under lawful process, issued against the plaintiff, and for the purpose of executing it upon his property ; and that in virtue thereof, and for that purpose, he did the acts complained of, so far as it is shown or as it is pretended that he had personally any connection therewith. And upon that state of facts, the defendant relies for his justification of the act of entering upon the plaintiff's premises, and for answer to the action. And it is entirely clear, that if the entry be justified, the action cannot be maintained ; for in trespass *quare clausum fregit* the gist of the action is the disturbance or violation of the plaintiff's possession ; all other acts usually charged in the declaration go only in aggravation, to swell the damages. *Ropps* vs. *Barker*, 4 *Pick.* 239 ; *Wendell* vs. *Johnson*, 8 *N. H. Rep.* 222.

The position, that the entry, under lawful process against a party upon his lands, for the necessary purpose of its execution upon his personal estate, situate thereon, is justified by the process, needs neither argument nor the citation of authorities to sustain it. And the imperious necessity of the existence

of such a principle, among the rules of law, well justified its adoption. Without it, there could be no service of lawful process but through trespass and wrong.

But the authority under which the defendant entered, was a license in law only, and not the license of the plaintiff.

And it is made a question, upon the facts in this case, whether those facts show such an abuse of the authority, as to work a forfeiture of the license, and to render the defendant a trespasser *ab initio.*

Upon the facts reported by the judge, no neglect of duty, in relation to the storage and custody of the property, is imputable to the defendant. He made all reasonable effort for its security and safe keeping.

Besides, it is a well settled general rule, that mere nonfeasance will not make an officer a trespasser *ab initio. Ordway* vs. *Ferrin,* 3 *N. H. Rep.* 69; *Parker* vs. *Pattee,* 4 *Ditto* 530; *Gardner* vs. *Campbell,* 15 *Johns. R.* 401; 8 *Coke* 290, *The Six Carpenters'* case.

An exception to this general rule, however, is said to exist, in the case where a sheriff, who has made an arrest or a seizure of goods by virtue of mesne process, neglects to return the process : and it would seem that in such case he will forfeit the protection of the process under which he acted, and become liable to be treated as a trespasser *ab initio. Parker* vs. *Pattee, before cited,* 3 *N. H. Rep.* 229, *and authorities cited.*

Mr. Chitty, in his learned treatise on Pleading, states the doctrine upon the point in question to be, that "the subsequent act must, in order to render the original entry a trespass, be in itself forcible, and an act of such a nature that trespass would lie, if no authority or right existed." 1 *Chitty's Pl.* 180.

In *Shorland* vs. *Govett,* 5 *Barn. & Cress.* 485, which was trespass for breaking and entering the plaintiff's dwelling-house, and in which the plaintiff, to maintain the action, relied upon an alleged abuse of the process under which the defendant justified, Bailey, J., stated the rule of law to be

substantially as the same is laid down by Mr. Chitty. He says, " when the subsequent act is a trespass, the law assumes that the party did not enter for the purpose alleged in the plea, but for the purpose of committing the trespass. But here the subsequent act was not a trespass, nor can it reasonably be supposed that the original entry was for the purpose of the extortion. For these reasons I think that the defendant cannot, in this case, be considered as a trespasser *ab initio.*"

In the same case, Littledale, J., remarks; " whether there is much good sense in that (the Six Carpenters') case, it is unnecessary to say; for the decision of the present question, suffice it to say, that in every instance put by Lord Coke there was a subsequent act of trespass, which made the party liable to be treated as a trespasser *ab initio.* Here no act of trespass, subsequent to the entry and levy, is shown. I think, therefore, that this replication is bad."

In the case before us, the act which is attempted to be made the ground of charging the defendant with the commission of a trespass in the original entry, was the act of another, and not the act of the defendant. He neither committed the act, nor commanded, authorized, or countenanced it; at least, the case does not find that he did; nor was the fact probably so. And we are not at liberty to presume it. The defendant, then, most clearly could not be chargeable with the commission of a trespass, for the injury done to the personal property, in the wanton destruction of it after the attachment, which was neither the result of his own act, nor that of any other person authorized by him, or for whose trespasses he was directly accountable.

And we think it equally clear, upon the authorities cited, and the principles contained in them, that the subsequent destruction of the property did not render the defendant a trespasser *ab initio,* and liable in that way for the original entry.

In law, a person who, under color of lawful process, en-

ters upon the premises of another, and afterwards commits there acts of trespass, not authorized by the process, is presumed to have entered, not with the purpose of its lawful execution, but of committing the subsequent acts of trespass, of which he may be found to have been guilty.

In such case, he will be presumed to have abandoned the authority given him, and to have acted in his own wrong, and will not be allowed to derive from it the advantage of its protection, for the entry made, but will be holden to have forfeited it, by reason of its abuse.

The defendant, however, as we have seen, has not been guilty either of negligence, or of any forcible and positive acts of trespass, in reference to the property attached. He cannot, then, be presumed to have acted, in entering upon the close of the plaintiff, without authority and in his own wrong. And the principle of law, which renders a party a trespasser *ab initio*, is wholly inapplicable to the case under consideration.

On the whole, we are clearly of the opinion that the action cannot be maintained, and that, according to the agreement of the parties, the defendant is entitled to a judgment for his costs.

*Judgment for the defendant.*