# CHESHIRE,

## JULY TERM, A. D. 1854.

## WALKER *v.* LOVELL.

Where goods are sold, the sale of a portion of which is prohibited by law, and the sale is not for a gross sum, as the price of the whole, but at stipulated prices for the prohibited goods, and at stipulated prices for the residue, the illegality of the sale of the portion prohibited will not render the sale of the residue illegal.

If a portion of the goods sold for the price of which the action is brought are goods the sale of which is legal, the officer who makes the attachment of goods, as the property of the debtor in the action, if the goods so attached are claimed by another, in virtue of an alleged sale from the defendant to him, will be entitled to give evidence to impeach the sale to such claimant, on the ground of fraud, in an action commenced by him for the property, even though the sale of the residue of the goods sued for be prohibited by law and void.

The application, by the officer, of the avails of the sales of the goods attached, upon the execution issued upon the judgment rendered for the price of the goods the sale of which is prohibited, as well as the others, to a greater amount than the price of the goods the sale of which is not prohibited, and the costs of the suit, will not render him liable as a trespasser *ab initio*, and an action of trespass will not lie against him therefor.

Whether assumpsit, for money had and received, will lie against him, *quære ?*

TRESPASS, for taking and carrying away one pipe of brandy and four barrels of rum, alleged to be the property of the plaintiff.

The plea was the general issue, with a brief statement that the liquors in question were the property of one Calvin W. Walker, were attached by the defendant, a deputy sheriff of this county, on a writ of attachment in favor of Martin L. Hall & Co. *v.* said Calvin, and were sold on said

writ, pursuant to the statute authorizing the sale of property attached on mesne process, and that the proceeds of sale were applied by the defendant, upon an execution in his hands, which issued on the judgment recovered by Hall & Co., against said Calvin in that suit.

The plaintiff claimed the property in question under a sale from said Calvin, and this sale, the defendant contended, was fraudulent and void as to the creditors of said Calvin.

Evidence was introduced tending to show that said Hall & Co., at the time of the sale from Calvin to the plaintiff, were creditors of said Calvin, for goods sold and delivered prior to that time. A portion of the goods thus sold were spirituous liquors, the sale and delivery of which were made in Massachusetts, in violation of the laws of that State, prohibiting the unlicensed sale of such liquors, and a portion of said goods were other articles.

The suit in favor of said Hall & Co. against said Calvin, in which the property in question was attached by the defendant, was founded on the cause of action which accrued to them from the sale and delivery of said liquors and other articles, and the whole amount of the claim, including what accrued from the sale of said liquors, as well as what accrued from said other articles, was recovered in the judgment rendered in their favor against said Calvin upon default in that suit. The defendant attached and sold the property in question, as set forth in his brief statement, and applied the proceeds to the satisfaction of the judgment against said Calvin. The amount received by the defendant from the sale was more than sufficient to satisfy so much of the debt, and interest thereon, as accrued from the other articles than the said spirituous liquors, and all the costs of suit and fees and charges of the officer.

There was evidence tending to show that the sale from Calvin to the plaintiff, was made for the purpose of defeating and delaying the creditors of said Calvin.

The counsel for the plaintiff requested the court to instruct the jury as follows:

1. That if a part of the debt on which said judgment was founded accrued from the sale in Massachusetts of spirituous liquors, in violation of the laws of that State prohibiting such sale, the defence wholly failed, and the defendant was a trespasser *ab initio.*

2. That the portion of the debt which accrued from the sale of the articles other than the spirituous liquors, could be considered by the jury only in mitigation of the damages.

3. That if the sales of said liquors and other articles took place at the same time and were one transaction, the whole was void, and Martin L. Hall & Co. would not be creditors of said Calvin, so as to entitle them to impeach the sale from Calvin to the plaintiff.

But the court declined so to instruct the jury, but did instruct them that, if said Hall & Co. sold goods to Calvin W. Walker, some of which were liquors, the sale of which were prohibited by law, and the remainder, other articles, not prohibited, and the sales were not made for a gross sum, to be paid by said Calvin therefor, but at a stipulated price for the liquors, and stipulated prices for the other articles, so that the quantity of each kind of article, and the amount stipulated to be paid for it, could be ascertained; and at the time of the sale from Calvin to the plaintiff, said Calvin was indebted to Hall & Co. for such other articles, this would make them creditors of said Calvin, so as to authorize them to impeach the sale from Calvin to the plaintiff, on the ground that it was made for the purpose of defeating the creditors of Calvin; that it was of no consequence whether the whole amount claimed by Hall & Co., in their suit against Calvin, was justly due or could have been enforced in that suit, if it had been resisted by said Calvin, and that if the evidence satisfied the jury of the fact that Hall & Co. were creditors of said Calvin, for any amount for which they would have been entitled to judgment upon

Walker *v.* Lovell.

a disclosure of all the facts on a trial of the merits of the case, in the action in favor of Hall & Co. against said Calvin, this was sufficient to entitle the defendant to introduce evidence to the jury impeaching the sale from Calvin to the plaintiff, as fraudulent upon the creditors of said Calvin.

To these instructions of the court the plaintiff excepted, and the jury, having returned a verdict for the defendant, moved that the same be set aside and a new trial granted.

*Cushing*, for the plaintiff.

The court instructed the jury that, for the purposes of the action, it is of no consequence whether Hall & Co. took judgment for a larger sum than was justly due or not, provided there were any thing due on that action.

The plaintiff's position is, that the sale from C. W. Walker to the plaintiff was good, as between the parties.

That by the statute of 13 Eliz. c. 5, which is the foundation of the law on this subject, the sale is only void as against those actions, suits, &c., which are or might in any way be delayed or defrauded.

We maintain that the statute cannot, by any just construction, be held to authorize a creditor to treat the sale as void for any other purpose than to prevent his just suit from being hindered.

He must show himself pursuing, in a lawful manner, a lawful remedy; and if he goes beyond this, he is, like other people who abuse a legal right, a trespasser.

He cannot, after causing the property to be seized, waste or destroy it.

The officer stands on the same ground as the party.

It is not the case, where the officer can justify under process when the party cannot.

The officer is not bound to attach the property without an indemnity; and being indemnified, he can be in no better position than the party. *Turner's Case and Notes*, Smith's

---
Walker *v.* Lovell.
---

Leading Cases; *Gates* v. *Gates,* 15 Mass. Rep. 310 ; *Damon* v. *Bryant,* 2 Pick. 411.

*Stoughton & Baxter,* of Vermont, with whom were *Lovell, Wait & Wheeler,* for the defendants.

This action, being in favor of a person not a party to the original suit under which the defendant justifies the taking of the property, the defendant must show a debt to have existed, because it is only by showing that he acted for a creditor of the plaintiff's vendor, that he can question the plaintiff's title to the property. *Damon* v. *Bryant,* 2 Pick. 411 ; *Lake* v. *Billers,* 1 Ld. Raym. 733 ; Bull. N. P. 91, 234 ; *Ackworth* v. *Kemp,* 1 Bing. 41 ; *Savage* v. *Smith,* 2 W. Bl. 1104 ; Bac. Abr. Tres. G. 1.

Upon the issue whether Hall & Co. were creditors of Calvin W. Walker, for this purpose, the plaintiff occupies the same position that Calvin would, on a trial of the merits of the original suit. The judgment by default is not even *prima facie* evidence of indebtedness ; but the question to be determined is, had Hall & Co. a debt which they could legally enforce against Calvin, if it had been resisted by him ?

The debt proved consisted of an account for liquors sold in Massachusetts, in violation of law, and other articles, the sale of which was legal. Said liquors were sold and charged at stipulated prices.

Now, under this state of things, were Hall & Co. creditors of C. W. Walker? Most certainly Hall & Co. would be creditors if, in law, they had a debt against him, the collection of any portion of which they could legally enforce.

The general principle is, that where the good part of a consideration can be separated from the bad, the courts will make the distinction, for it is only when the good and void considerations are so mixed, or the contract so entire as to be incapable of separation, that the whole is void. 2 Kent's Com. (5th ed.) 467 ; *Greenwood* v. *Bishop of London,* 5 Taun.

727; 1 Bouv. Inst. 243; *Hinds* v. *Chamberlain*, 6 N. H. Rep. 225, and cases cited. And that a part of the consideration is void by statute does not change the principle. 2 Kent's Com. 467, and cases above.

To bring the case at bar within the general principle established by the authorities above cited, it is only necessary to show that the good part of the consideration is entirely independent of, and can be separated from the bad.

Most certainly the contract with Hall & Co. for the liquors and other articles was not entire, nor was the consideration entire, for there was a distinct and independent agreement about the quantity and price of the liquors, and an agreement equally independent as to the qualities and prices of the other articles. The sale of the liquors formed no part of the consideration for the promise to pay for other articles, nor did the sale of other articles constitute any part of the consideration for the promise to pay for the liquors. We, therefore, consider the case at bar clearly within the rule permitting the courts to make a distinction between that which was legal and that which was illegal. *Kenison* v. *Cole & a.* 8 East 231.; *Wegg & a.* v. *Southworth*, 13 East 87; *Hone* v. *Synge*, 15 East 440.

Hall & Co. would, therefore, have been entitled to a judgment upon the merits of their case, in their suit against Calvin Walker, and were creditors, so as to entitle the defendant to impeach the sale from Calvin to the plaintiff, and the charge of the court to the jury upon this point was correct.

The court refused to instruct the jury that the sale of articles other than spirituous liquors, should be considered by the jury only in mitigation of damages.

Upon what legal ground it is claimed that such an effect should be given to that portion of the bill against Calvin Walker, exceeds our comprehension.

Certain it is, if Hall & Co. had no legal debt against the plaintiff's vendor, the defendant fails to be in a position to

Walker *v.* Lovell.

enable him to raise the question upon which his defence is based, that is, the fraudulent sale to the plaintiff.

If the defendant proved an indebtedness, and then established the fact that the sale of the property to the plaintiff was fraudulent, it is a full defence to the plaintiff's action, and the defendant would have a legal right to satisfy the judgment in favor of Hall & Co. against said Calvin Walker. The judgment is conclusive upon Calvin, and cannot be questioned by a fraudulent purchaser of property, which was taken to satisfy it.

But admitting we are incorrect in the last position, and that the defendant would be a trespasser for the excess of property over and above the amount necessary to pay so much of Hall & Co.'s claim as was a legal debt against Calvin Walker, still, we insist, the facts disclosed by the case do not leave us in that category, for the property was not sold upon the execution, but upon the original suit.

If we satisfy the court and jury that Hall & Co. were creditors, and that the sale of the plaintiff was fraudulent, certainly the defendant was not a trespasser in making an attachment to answer the call on the writ; nor could he become a trespasser by a sale of the property on the writ, if he complied with the requisitions of the statute in such case provided, unless the court hold, as matter of law, that he was bound to anticipate precisely the amount the creditors would subsequently recover, and that a sale of one dollar more than sufficient to satisfy such judgment would constitute him a trespasser *ab initio.*

After such sale, the officer holds the proceeds to respond judgment, and if the plaintiff had any resulting interest in the property attached, after it was converted into money by the sale his interest would be in the avails of the sale, and not in the property attached.

If, therefore, the property was legally converted into money, and the plaintiff had an interest in the excess, over and above so much as would pay Hall & Co.'s legal debt

against C. W. Walker, even a refusal of the defendant after demand, to pay over the excess to the plaintiff, would not constitute him a trespasser *ab initio.* *Abbott* v. *Kimball & a.* 19 Vt. Rep. 551.

Woods, J. Were the instructions that were requested to be given to the jury improperly withheld, and were the instructions that were given legal and proper, or otherwise ? The whole question necessary to be decided arises upon the instructions given to the jury, and the exception stated in the case is to those instructions alone. And well enough it may extend thus far only ; for a proper decision of the questions arising thereon, will also form a proper decision of the question arising upon the refusal of the instructions asked for and withheld. Upon the instructions given, and the finding of the jury thereon, it appears that the liquors and other goods, sold by Hall & Co. to Calvin W. Walker, were sold at one and the same time, but were not sold for one gross sum or price. The liquors and the other goods were, in fact, separately valued, and the price of the liquors was not a just and legal debt, for which a recovery could be had. Upon that state of facts, the question is, were Hall & Co. creditors of Calvin W. Walker or not? That Hall & Co. were entitled to recover the price of the goods sold, other than the liquors, under the circumstances, we entertain no doubt. That precise question, as we understand it, came before this court in the case of *Carlton* v. *Woods,* in the county of Hillsborough, *(post.)* That action contained a count for goods sold and delivered. It appeared that, in 1850, the plaintiff agreed to sell the defendant his stock of goods and groceries. The price to be paid was the cost and freight of the articles. In order to ascertain the cost, a schedule of the articles was made, and the cost of each article was separately carried out. The defendant contended that the contract was an entire one ; that a part of the consideration was illegal, and the plaintiff could not

recover any part of the price of the article. The plaintiff contended that the price of the spirituous liquors was distinct and independent of the price of the other articles, and would be readily ascertained, and that the consideration was divisible, and that he was entitled to recover the sum due for the articles, excepting the price of the spirituous liquors. The court held that the contract was not to be regarded as one entire and indivisible contract, but as divisible, and the consideration divisible, and that the sale and delivery of each article formed the consideration for the promise to pay the agreed price of it. It was said that the case did not differ from that of a sale of various articles, sold by a merchant, at one and the same time, to his customer, for separate values agreed upon for each article, and charged to the customer in account, and the plaintiff had judgment for the price of the articles other than the liquors. And we discover no reason to doubt the correctness of that decision. And, accordingly, we are of the opinion that Hall & Co. were entitled to have judgment, in their action against said Calvin, for at least the price stipulated for the articles sold him, other than the liquors, and had a just and valid claim to that extent. The mere fact that the liquors were sold at the same time, they being sold for an agreed separate value, would not defeat the recovery of the price of the other goods, although the sale of the liquors was an act prohibited and forbidden by the statues of Massachusetts when the sale was made, which would render the sale of the liquors wholly illegal and void. The illegality of the sale of the liquors could have no effect upon the sale of other articles, made at the same time for a separate, agreed and ascertainable price, and wholly distinct from the price of the prohibited articles. And we are further of opinion that, this point being decided, it distinctly appears that Hall & Co. are shown to have been creditors at the time of the attachment, and that, so far as that fact was necessary to be made to appear by the defendant, the officer who made the attachment, it is well

made out. Although it is incumbent upon an officer who has made an attachment of property, in a case like the present, in justification of the act, and to enable him to interpose, in his defence, evidence of the fact that the claimant has acquired the title, in virtue of which he claims of the debtor in fraud of his creditors, or to delay and defeat their just efforts to collect their dues; yet it has never been holden, that we are aware of, that the entire debt claimed in the action should be made to appear to be due, and a recovery be had for that sum, or that the defence must fail. On the other hand, if the officer shows a debt due and recoverable in the action, and a judgment therefor actually recovered, it is a sufficient justification for taking and holding possession of the goods for the satisfaction of the proper debt due to the creditor. In *Damon* v. *Bryant*, 2 Pick. 411, *Parker*, C. J. says : " The distinction which seems not to have occurred to the judge at the trial is, that where the execution, or writ, upon which goods are taken, is against the plaintiff himself, the officer is justified by the precept itself, for that commands him to take the goods of the plaintiff, and is a sufficient authority. But where the goods taken are claimed by a person who was not a party to the suit, and he brings trespass, and his title is contested on the ground of fraud, under the statute of 13 Eliz. ch. 5, a judgment must be shown, if the officer justifies under an execution, or a debt, if under a writ of attachment, because it is only by showing that he acted for a creditor that he can question the title of the vendee." The officer must show, then, that he acted for a creditor only, and it matters not whether he be a creditor for a small or a large amount, and the authorities to this point are numerous, and, we believe, are entirely agreed. *Lake* v. *Billers*, 1 Ld. Raym. 733 ; Bac. Abr. Tres. G. 1 ; *Savage* v. *Smith*, 2 Wm. Black. 1104 ; *High* v. *Wilson*, 2 Johns. 9 ; *Jemra* v. *Jollippe*, 6 Johns. 9 ; *Parker* v. *Miller*, 6 Johns. 195 ; *Blackley* v. *Sheldon*, 7 Johns. 32 ;

*Holmes* v. *Nuncaster*, 12 Johns. 395 ; *Doe* v. *Smith*, 2 Stark. Rep. 199.

But, it is contended on the part of the plaintiff, that inasmuch as it appears that the avails of the goods attached and sold upon the writ amounted to a greater sum than the amount of the debt, justly and legally due to Hall & Co., and the legal costs, and that the defendant applied the entire sum of the avails realized from the sale upon the execution issued upon their judgment against said Calvin, the defendant thereby became a trespasser *ab initio,* and was answerable for the entire property originally attached.

But, we are of opinion that the present case does not fall within the principles governing the decisions of courts rendering the party liable as a trespasser *ab initio.* Here has been no such wanton abuse of legal process as will make the party liable in that way. Here has been no forcible injury to the property attached, and no such wanton misconduct in reference to it as will deprive the party of the protection of the process under which the attachment was made. *Herrin* v. *Simonds,* 11 N. H. Rep. 363 ; *Barrett v. White,* 3 N. H. Rep. 210. The ground of the complaint is, in fact, a mere nonfeasance. After the attachment of the property, by virtue of the writ of attachment, the same was sold, according to the provisions of the statute, and the amount realized upon such sale was kept by the defendant until judgment was rendered in the action against said Calvin, and execution issued thereon and delivered to the defendant, when he applied thereon, in part discharge of it and of the costs thereof, the entire sum realized as the avails of it upon the sale. The only ground of complaint suggested is, that the sum thus appropriated was greater than the amount embraced in the judgment and execution for the price of the goods sued for, other than the liquors and the costs of the suit. Admitting that the fact is so, and that the excess applied beyond the amount of what was legally due and the costs of the action, was not properly and legally

applied upon the execution against said Calvin, and that the plaintiff is entitled to receive that excess, still we are of opinion that it cannot be recovered in this form of action. The officer was undoubtedly obliged to apply the money to the extent of the sum justly due and the cost of the action. But if this form of action can be sustained upon the ground that the defendant is a trespasser *ab initio*, then the plaintiff would be entitled to recover the full value of all the goods attached, irrespective of the sum applied in discharge of the just debt of Hall & Co. against said Calvin. If the defendant is a trespasser *ab initio*, he is answerable as for a wrong in attaching the property originally, and for every other act touching it that was injurious to the plaintiff. But we are of opinion that the defendant is under no such liability as a trespasser. If he is liable to the plaintiff at all, the liability resting upon him is only that of an officer, who, having sold the property of a judgment debtor, from which a larger amount has been realized than is required to answer the just and proper purposes of the sale, is responsible for the excess to the debtor.

This view, we think, is distinctly countenanced by the decision of the supreme court of Massachusetts, in the case of *Gates* v. *Gates*, 15 Mass. Rep. 310. A case more directly in point is that of *Abbott* v. *Kimball*, 19 Vt. Rep. 551. The action was originally trover, for sundry horses and harnesses, and was afterwards amended by the addition of several counts. The marginal note of the case is thus: " When property, attached upon mesne process, is sold by the attaching officer, a deputy sheriff, upon the writ, in pursuance of the Revised Statutes, ch. 28, §§ 48–52, and judgment is finally rendered in favor of the defendant, in the action in which the attachment was made, a refusal, on the part of the officer to pay to the defendant the amount for which the property was sold, will not make him a trespasser *ab initio*, so as to render him liable in trover for the property. The

only proper action against the deputy, in such case, is for money."

*Redfield*, J., in delivering the judgment of the court, remarked thus: " The court charges the jury, that although the defendants made out all the facts alleged in their plea in bar, still the plaintiffs were entitled, in this form of action, to recover the amount of money for which the horses were sold, and interest from the time of the demand. No doubt, if the officer had no right to deduct the expenses of keeping and sale, of which we say nothing, (not being agreed fully,) the officer might be liable, in some form of action, for that amount. But, it seems to us, that in that case the officer is not liable in trover. A refusal to pay over the money, or claiming to retain part of it, upon grounds which are not well founded in law, will not make him a trespasser *ab initio.* And unless that is the case, trover will not lie even against the officer. It is like any other refusal to pay over money in his hands," and " the only proper action, in this view of the case, against the deputy, is for money."

So in the present case, we think, if the plaintiff can recover at all against the defendant, for the money alleged to be misapplied by him, beyond the just debt and interest due to Hall & Co., and the costs of the suit and officer's fees, we are of the opinion that there is no ground for maintaining the present form of action. The application of the money upon the execution was, at most, a mere exercise of an erroneous judgment of the officer, in reference to his duty and rights, and was wholly unattended with any thing like a wrong with force. It was no more than a mere nonfeasance as to this plaintiff. It was not more than the omission to pay over to the plaintiff the surplus money remaining in his hands, after discharging that portion of the execution which was justly and legally due. There was no destruction or waste of the property or the money, by this act of the defendant. Notwithstanding the application of the money, by way of indorsement on the execution, in

point of law, it is still in the hands of the defendant, for the plaintiff's use. The mere application, in writing, upon the execution, can make no difference as to the rights of the plaintiff, and cannot be regarded as being injurious thereto. There must, therefore, be

*Judgment on the verdict.*