————o————

STATE OF MISSOURI, *ex rel*, and to use of HENRY WILSON, *et al.*, Appellants, *vs.* PHILIP C. TAYLOR, *et al.*, Respondents.

1. *Execution creditor—Appropriation of money in hands of sheriff to—Levy upon, under writ against execution creditor.*—A sheriff who has received money on an execution, cannot before the same is paid over or appropriated, attach or levy upon the money so held, on a writ issued against the execution creditor. If in such case the sheriff should make the proper appropriation, his act in so doing might be upheld. But he is not bound to appropriate the money but may return his executions and money into court for its disposition of the same.

*Appeal from St. Louis Circuit Court.*

*Thomas S. Espy*, for Appellants.

VORIES, Judge, delivered the opinion of the court.

This action was brought on the official bond given by defendant Taylor, as sheriff of St. Louis County, the other defendants being the sureties on the bond. The facts appearing in the record necessary to a proper understanding of the question raised by the appellant for consideration by this court are substantially as follows:

On the 13th of May, 1871, there was a special execution placed in hands of defendant Taylor, as sheriff of St. Louis County, for collection, which execution was in favor of one Augustine M. Daly and against Owen V. Timon. This

execution was for a sum of over two thousand dollars. The greater part of said sum was specially appropriated by order of the court rendering the judgment on which the execution was issued, to the payment of specific liens therein named.

Shortly after this execution in favor of Daly was delivered to Taylor, as sheriff, for collection, and before it was collected, four other executions were placed in the hands of said sheriff for collection which were in favor of different parties, but all were issued against the property of said Augustine M. Daly, one of these last named executions being in favor of Henry and Oliver Wilson, the relators in this action, and being for the collection of the sum of about two hundred and seventy-five dollars; the other three executions against Daly being for different sums larger in amount than the execution of the relators. All of the executions were returnable to the June Term of the court for the year 1871. Previous to the return day of the executions the sheriff collected the execution in favor of Daly and against Timon, and after paying off the different amounts specially appropriated and directed by the court, there was remaining in the hands of the sheriff, of the amount collected on the execution in favor of Daly, the sum of five hundred and fifty-five dollars. At the return day of the execution, it being the June Term of the court for the year 1871, the defendant Taylor returned all of the executions into court. In his return on the execution in favor of Daly, it was stated that the execution was satisfied and it was shown how the different amounts named in the execution as specific appropriations of the amounts collected thereon had been paid, and then it was stated in the return that he held in his hands the four other executions, one of which was in favor of the relators, all of which were unsatisfied and so returned, and that the sheriff then had and returned to the court the sum of $555.00 collected on the execution in favor of Daly, subject to the order of the court.

On each of the four executions against Daly, the sheriff made returns stating the facts, that he held the four executions unsatisfied against Daly, and that he had in his hands the said

sum collected on the execution in favor of Daly, which was subject to the order of the court, etc. Shortly after the return of all these executions, the relators procured an *alias* execution to be issued on the judgment in their favor and delivered it to defendant Taylor, as sheriff, with directions to seize or levy on the amount in his hands collected on the execution in favor of Daly as aforesaid.

The sheriff failed to levy on the money in his hands collected on the Daly execution, but at the October Term of the court for the year 1871 returned the *alias* execution with the indorsement thereon that there was no property or goods found in the county belonging to Daly on which to levy and make the money. This last return is charged by the relators to be a false return, and the falsity of the return is assigned in the petition as a breach of the bond of the sheriff, and is the grounds of this action.

The action was tried in the Circuit Court without a jury. At the close of the evidence the plaintiff asked the court to declare the law to be as follows: "If the court sitting as a jury find from the evidence that on the tenth day of June, 1871, plaintiffs placed in hands of defendant Taylor, as sheriff, an *alias* execution in their favor and against A. M. Daly, and it also finds that on the said day, 10th day of June, 1871, said Taylor had in his possession the sum of five hundred and fifty-five 40-100 dollars in currency, commonly called greenbacks, issued by the Government of the United States, the property of said Daly, and that said plaintiffs then directed said sheriff to levy upon said currency or greenbacks and make the money on their execution, and said Taylor refused or neglected to comply with said instructions of plaintiffs, and afterwards returned said *alias* execution *nulla bona*, then his said return is false and the judgment should be for for the plaintiffs for the amount of their said execution with interest and costs."

This declaration of law was refused by the court and the plaintiff excepted.

The court then, at the instance of the defendants, declared the law to be, that " Under the pleadings and evidence the plaintiffs are not entitled to recover."

To this declaration of law the plaintiffs excepted. The court then rendered a judgment in favor of defendants, after which plaintiffs filed a motion for a new trial, which being overruled by the court, the plaintiffs again excepted, and appealed to general term of the Circuit Court where the judgment rendered at special term was affirmed; from which last judgment the plaintiffs have appealed to this court.

The record of this case presents only one point for consideration in this court. It is true that there was some question raised on the trial as to the admissibility of certain executions and the returns made thereon in evidence on the part of the defendants; but if the money or United States Treasury notes in the hands of the sheriff were not subject to be levied on as the property or effects of Daly, then the admission of the executions in evidence could do the plaintiff no harm; and on the other hand, if the bills or greenbacks were subject to be levied on and sold by virtue of the *alias* execution in the hands of the sheriff, then the judgment should be reversed whether the executions were properly admitted in evidence or not. It is insisted by the plaintiffs that the Circuit Court erred in refusing to declare the law as asked for by them, and that the judgment should therefore have been reversed.

The declaration of law asked for may be, in the abstract, right. There is no doubt but that bills or greenbacks issued by the Government are subject to execution, and that if the sheriff at any time had in his power, while he had the *alias* execution of the relators in his hands for collection, any such property or effects of the defendant in the execution, nothing appearing to the contrary, it would have been the duty of the sheriff to have levied on such effects and made the money due on the execution of the relators; but that is not this case. There is no question but such property is ordinarily subject to execution, but the question is whether the declaration of law was right as applicable to the facts of this case?

The question in this case is, whether the sheriff who has received money on an execution, can, before the same is appropriated or paid over, receive a writ against the execution creditor, and on such writ attach or levy on the money so in his hands? In the present case the money was collected on the execution in favor of Daly; the sheriff returned the writ, as well as three executions in his hands against the property of Daly, to the court with the facts stated in the returns to the several writs, and stating in the returns that the money was held by the officer to be disposed of by order of the court. The parties were presumed to be in court and if the attention of the court had been called to the matter, it would doubtless have made an order disposing of the money. But until this was done there could be no title in Daly to any specific money which could be levied on by the sheriff. The money was in the custody of the law and would so remain until disposed of by the court. If in such case the sheriff should make a proper appropriation of the money, his act in so doing might be upheld, but he was not bound to appropriate the money but might return his executions and money to the court for its disposition of the same. (Thompson vs. Brown, 17 Pick., 462; Reddick vs. Smith, 3 Scam., 451; *Ex parte* Fearle & Lewis, 13 Mo., 467; Drake Attach., § 251, and cases therein cited.)

The court properly refused the instruction or declaration of law asked for by the plaintiffs, and properly rendered judgment on the evidence in favor of the defendants, and the judgment will therefore be affirmed. The other judges concur.