THE STATE *ex rel.* THE KANSAS CITY NATIONAL BANK, *Plaintiff in Error* v. BOOTHE.

1. **Executions**: MONEY IN CUSTODIA LEGIS. Money in the hands of a sheriff collected on execution is *in custodia legis*, and is not subject to levy on a subsequent execution against the plaintiff in the first.

2. ———: ATTACHMENT—SALE: PROCEEDS IN HANDS OF SHERIFF. Personal property of W. was seized under an attachment, and being of a perishable nature, was sold by the sheriff and the proceeds deposited in a bank on his general account. The attachment was afterwards dissolved and an execution issued for the amount of the debt, which was delivered to the sheriff with directions to levy the same on the money in his hands; *Held*, that the money so held by the sheriff could not be the seized on execution.

3. **Res Adjudicata.** Plaintiffs having, in the court below, filed a motion for an order to compel the sheriff to levy on certain moneys, the court refused the order. They then, on their own motion, became parties to a garnishment proceeding, involving the same moneys, in which the judgment went against them. *Held*, in a suit on the bond of the sheriff for failing to make the levy that the rights of the parties were *res adjudicata*.

*Error to Jackson Circuit Court.*—HON. SAMUEL L. SAWYER, Judge.

*John P. Peat* for plaintiff in error.

The money in the hands of the sheriff, the proceeds of the attached property, was held by him in all respects as the property itself would have been, had it remained in specie, and was, therefore, subject to the execution. *Snead*

*v. Wigman*, 27 Mo. 126; *Oeters v. Ahle*, 31 Mo. 383.

After the dissolution of the attachment, the sheriff held the money in his hands as the bailee of Whitney, the owner. No order of court was necessary to ascertain or identify the money, or the amount, or the ownership. It was his duty to turn it over to the owner or his assigns. Being a bailment and not a debt, it was subject to execution, and it was the duty of the sheriff to levy. *Wood v. Edgar*, 13 Mo. 451; Drake on Attachment, §§ 505, 506; *Means v. Vance*, 1 Bailey (Law) 40; *Wheeler v. Smith*, 11 Barb. 345; *State v. Fitzpatrick*, 64 Mo. 185; *State v Taylor*, 56 Mo. 492.

This case is not like that of money collected upon an execution. There the sheriff is not bound to levy until he has made his return, as in that case the plaintiff in execution has no specific property in the money until the return is made. But here the property was Whitney's when attached; when sold, the proceeds were Whitney's, and continued to be Whitney's, and no order of court was necessary to perfect his right to their return to his possession by the sheriff. But even though it should be contended that this fund was exactly similar to money collected by the sheriff on execution in Whitney's favor, yet, when the special law and equity court made its order of May 26th, 1874, directing defendant, Boothe, to turn over said fund to Charles Whitney, it then became the duty of said Boothe, as sheriff, to levy relator's execution on said fund in obedience to the written demand of relator's attorneys at that time.

*Bryant & Holmes* for defendant in error.

Had the property remained in specie, the officer, after the dissolution of the attachment, would have become Whitney's bailee, by operation of law. *State v. Fitzpatrick*, 64 Mo. 185. But the property being sold prior to the attachment, and the proceeds mingled with the officer's

own money, he became simply Whitney's debtor for the amount received. *Adams v. Lane,* 38 Vt. 640.

A debt is not subject to an execution directed to the debtor. *Harrison v. Paynter,* 6 M. & W. 387; *Willows v. Ball,* 5 B. & P. 376; *Harding v. Stevenson.* 6 H. & J. (Md.) 264; *Fieldhouse v. Croft,* 4 East 510; *Adams v. Lane,* 38 Vt. 640. Indeed, a debt can, in no case, be reached, except by garnishment, or trustee process as it is called in some of the other States. *Clymer v. Willis,* 3 Cal. 363; *Dickinson v. Palmer,* 2 Rich. Eq. (So. Car.) 407; *Adams v. Lane,* 38 Vt. 640.

It is true that Wag. Stat., p. 616, § 70, authorizes a voluntary payment on execution by the debtor of the defendant in the execution. But it has been held under the New York statute, of which ours seems to be a copy, that where the officer to whom the writ is directed is himself the debtor, a voluntary payment by him would not be authorized by the statute. *Baker v. Kenworthy,* 41 N. Y. 215.

HENRY, J.—On the 13th day of May, 1873, the Kansas City National Bank instituted a suit by attachment against Whitney & Clark. The sheriff, Boothe, the defendant, levied the attachment on personal property belonging to said Whitney, which, by order of the court, was on the 21st day of June, 1873, sold as perishable property under the statute, sec. 27, p. 187, and the proceeds of sale, $491.20, were deposited by Boothe in a bank to his credit on general account. On the 27th day of March, 1874, the attachment was dissolved, and a judgment rendered by the court in favor of the bank for $2,118.24, on which an execution was issued and delivered to said Boothe, with directions to levy the same on the money in his hands, the proceeds of said sale. This he refused to do, and the bank filed a motion asking the court for an order requiring Boothe to levy upon, and apply said money to its judgment. This motion was heard and disposed of on the

26th day of May, 1875, and it appearing to the court that on May 17th, 1874, Boothe had been garnished on an execution issued from the circuit court of Jackson county in favor of John T. Shortridge against said Whitney & Clark for $263.20, and that Whitney claimed $300 of the money in Boothe's hands as exempt from execution, said Whitney having, since the attachment was issued, married and become the head of a family, the motion was overruled.

On the same day the bank again demanded of Boothe, in writing, the levy of its execution on said money, and Boothe refused, and returned said execution unsatisfied.

In answer to interrogatories propounded to him by Shortridge, in the circuit court of Jackson county, Boothe on the 23rd day of September, 1874, set up the foregoing facts, and asked the court to make such order in the premises as would protect him. On March 16th, 1875, on its own motion, the bank was made a party to said garnishment proceedings, and asked for an order on Boothe directing him to apply said money to its execution. On May 27th, 1875, the issues in the garnishment proceedings were tried, and the court rendered judgment therein against Boothe in favor of Shortridge, for $324.40 and costs.

This is a suit by the relator, the bank, against Boothe and his securities, on his official bond, for the failure and refusal of Boothe to levy the bank's execution on the money in his hands as aforesaid.

The two principal questions for determination are: First, could the sheriff have levied plaintiff's execution on the money in his hands? Second, may not defendant rely upon the judgment of the circuit court in the garnishment proceeding, to which the bank was a party claiming said money, as *res adjudicata?*

There is no doubt, that under our statute and at common law, an execution could be levied on money. *Turner v. Fendale,* 1 Cranch 44. But, in that case, it was held that money in the hands of an officer

1. EXECUTION— money in custodia legis.

not yet paid to the creditor, had not become his property, and that " a right to a sum of money in the hands of a sheriff can no more be seized than a right to a sum of money in the hands of any other person." " Money in the hands of a sheriff collected on execution, is not a debt due to the plaintiff in the execution, but is in the custody of the law until finally and properly disposed of. It cannot, therefore, be the subject of attachment or garnishment." 3 Cal. 365. The same doctrine is maintained in *Dawson v. Holcomb*, 1 Ohio 275 ; *First v. Miller*, 4 Bibb 311 ; *State ex rel. Wilson v. Taylor*, 56 Mo. 492. The reason why money in the hands of a sheriff, collected on execution, is not a debt due to the plaintiff in the execution, is, that the writ commands the officer to have the money in court on the return day, and until then it does not become the property of plaintiff, nor is the officer his debtor. This principle, and the cases above cited are, therefore, not decisive of the case under consideration.

It rests upon a different ground. The defendant in the attachment suit, when the attachment was dissolved, had a demand against the sheriff for the proceeds of the sale of his personal property, but as was said by the court in *Adams et al. v. Lane et al.*, 38 Vt. 646, "the identity of the specific money, which was received from the sale of the goods in this case, was in fact lost when the attaching officer mingled the money with his own, and deposited it to his credit in the bank. This deposit, as we understand from the disclosure of the trustee, was a general and not a special deposit, and by making it in this way, and thus mingling the money with his own, the officer became accountable for it in the same way in which he would have become accountable if he had appropriated the money to his own use in any other manner."

If, without an order of sale, he had sold the property and converted the money to his own use, in any manner, the plaintiff would have had the same right to compel the

sheriff to levy his execution upon such money, as in this case. Neither in this, nor in the case supposed, had the sheriff any money in his hands belonging to the defendant in the attachment proceeding: no specific money which he or any one else could have seized as the identical money belonging to such defendant. The sheriff was liable to the defendant in the attachment suit for a certain sum of money, and a levy of the execution, as required by the bank, would have been, in effect, a levy upon a liability of the sheriff to the defendant in the execution, and as was held by Marshall, C. J., in *Turner v. Tindall*, 1 Cranch, " a right to a sum of money in the hands of a sheriff can no more be seized than a right to a sum of money in the hands of any other person." The dissolution of the attachment released the property and its proceeds from plaintiff's attachment lien, and, as to plaintiff, that property was as if it had never been attached. Any other creditor of the defendants in that suit could, by diligence, have acquired a prior right to the property, either by having it seized on execution or attachment, or, if sold, by having the officer garnished for its proceeds. It is said that the money in the defendant sheriff's hands, bears some analogy to surplus money in an officer's hands after satisfying an execution. This may be admitted, and if the identical money could be reached, it might be attached or levied upon, but if, in the case of a surplus after satisfying an execution, the sheriff has converted it to his own use, there could be no levy upon it. It does not follow because the court might make an order, requiring the sheriff to pay such surplus to the defendant in the execution, that his liability in such a case could be seized under an execution. The execution might be placed in the hands of another officer who could serve a garnishment on the sneriff, and thus secure the appropriation of the surplus to the execution against the defendant entitled to such surplus.

These views, if correct, are decisive of this case, and necessarily lead to an affirmance of the judgment. But

3. RES ADJUDICATA an additional ground upon which such affirmance might be placed is, that the matter is *res adjudicata.* The bank filed its motion in the special law and equity court, asking for an order to compel the defendant, Boothe, to levy upon and apply said money to the payment of its execution.   This motion was overruled.   The bank then, of its own motion, became a party to the garnishment proceedings in the circuit court, and again set up its claims, and asked to have the money in the sheriff's hands applied to its execution.   In that proceeding the judgment was against the bank, from which there was no appeal taken by the bank, and the matter which it now seeks to re-litigate is clearly *res adjudicata.   Langdon v. Raiford,* 20 Ala. 532.

The judgment is affirmed.   The other judges concur. Judge HOUGH not sitting.

                                              AFFIRMED.