## In re Staed.

### Division Two, June 13, 1893.

St. Louis Criminal Court: SCHOOL BOARD: FINES AND FORFEITURES: SHERIFF. The St. Louis criminal court has no authority to require the sheriff of St. Louis city to pay into court money collected by him for the school board on judgments for fines and forfeitures; it can only order a settlement and have the amount found due transmitted directly to the school board.

### Habeas Corpus.

PETITIONER DISCHARGED.

*Laughlin, Wood & Tansey* for petitioner.

*T. B. Harvey* for respondent.

BURGESS, J.—The petitioner is the sheriff of the city of St. Louis and is restrained of his liberty by one John N. Frank, the coroner of said city.

On the eleventh day of March, 1893, of the St. Louis criminal court, the state of Missouri recovered against one William Cockran her debt for $500, together with costs on a forfeited recognizance given in said court, and on the twenty-first

day of March next thereafter, an execution was duly issued by the clerk of said court, made returnable to said court on the first Monday of May following, and delivered the same to the petitioner on April 7th. There was collected by the petitioner on this execution on April 27, 1893, the sum of $250. This execution commands the sheriff to cause to be made the debt and costs and that he have the same before said court on the first day of the next term thereof, to be begun and held at the city of St. Louis on the first Monday in May next, then and there to satisfy the said state of Missouri of the aforesaid debt and costs and have then and there the writ with return thereon how he executed same. At the same term to which said execution was made returnable, the St. Louis criminal court made an order of record requiring the sheriff petitioner to pay forthwith into the court all money collected by him on said execution.

On Monday, May 22, 1893, the petitioner being in court, refused to obey said order, whereupon the court adjudged him guilty of contempt of court for willful disobedience of its orders, and ordered that for said contempt he be imprisoned in the city jail for the term of ten days and that the clerk of the court issue a warrant for commitment directed to the coroner of St. Louis city. In pursuance of the order of commitment a warrant was duly issued, directed and delivered to John N. Frank, coroner, who in compliance with said writ, arrested and detained the petitioner, and now has him in his custody.

The contention of the prisoner is that the criminal court has no power or authority to require him to pay money collected by him on judgments for fines and forfeitures rendered in that court, into that court and the orders requiring him to do so, and committing him to jail for a contempt of court because of his failure

to comply therewith, were without authority of law, and of no force and effect, and his imprisonment therefore illegal. While the execution upon which the money was collected commanded the sheriff to have the same before said court on the return day thereof, it does not mean nor imply that the money is to be paid into that court, but simply means, to be paid over to the proper party as may be by the court directed, in this case to the board of president and directors of the St. Louis public schools.

Section 8, article 11, State Constitution, provides that "the clear proceeds of all penalties and forfeitures and of all fines collected in the several counties * * * shall belong to and be securely invested and sacredly preserved in the several counties as a county public school fund; the income of which fund shall be faithfully appropriated for establishing and maintaining free public schools in the several counties in the state."

By this plain provision of the organic law of the state, the money in the hands of the sheriff, although while thus in his hands it was in the custody of the law, as shown by the authorities cited by counsel for the coroner (*State ex rel. v. Boothe*, 68 Mo. 546; *State ex rel. v. Taylor*, 56 Mo. 492; *Blair v. Cantey* (2 Speers' Law, 34), 42 Am. Dec. 360; *Marvin v. Hawley*, 9 Mo. 382; *Dawson v. Holcomb*, 1 Ohio, 275; *Reddick v. Smith*, 3 Scam. 451; *Lightner v. Steinagel*, 33 Ill. 510), yet after it was received by the sheriff, he held it in the capacity of trustee for the use and benefit of the public school fund for the city of St. Louis, and it became his duty to pay the same over to the board of president and directors of the St. Louis public schools, who by virtue of section 1, article 22, of the scheme and charter of said city, are entitled to have and receive the same, and for failure to do so he may be

proceeded against with reference thereto as provided by statute.

By Revised Statutes, 1889, sec. 3196, it is made the duty of the clerks of all courts of record to keep accounts of all fines, penalties, forfeitures and judgments rendered, imposed or accruing in favor of any county, ready at all times for the inspection of their respective courts. By section 3197, it it made the duty of the clerks of such courts, within ten days after the end of each term of the respective courts of which they are clerks, to certify to the county courts of said counties the amount of fines imposed and forfeitures incurred at said term, and against whom assessed and by whom incurred, and forthwith deposit said certificates with the clerks of the county courts of their respective counties. By section 3198 it is made the duty of all courts of record at each term thereof to settle with the sheriffs or marshals for all moneys by them received, or which they ought to have collected for the use of their respective counties, and have not before accounted for, and cause their clerks to make out a list of all sums chargeable to said sheriffs or marshals and payable to the counties, specifying on what account, and to cause the same to be certified under the seal of the court, and the certificates immediately transferred to the clerks of the county courts to which such moneys are payable, who shall charge the same accordingly. And by section 3199, it is provided that if any sheriff or marshal shall fail to pay, without delay, the moneys with which he shall become chargeable on the settlement in the preceding section mentioned, he shall forfeit to the county entitled to said moneys double the amount with which he is chargeable, to be recovered by motion in the court to which such settlement has been made, after ten days' previous notice of such motion.

It seems clear from these statutory provisions that it was the duty of the criminal court of St. Louis City to have settled with the sheriff for all moneys by him received or which he ought to have collected for the use of the city of St. Louis, or the public school fund of said city, not before accounted for, and to have caused the clerk of said court to have made out a list of all sums chargeable to said sheriff and payable to the city or its public school fund and certified the same under the seal of the court, and to have immediately transmitted the same to the board of president and directors of the St. Louis public schools.

As under the provisions of article 22, Revised Statutes, 1889, page 2170, the board of president and directors of the St. Louis public schools are the legal custodians of and have the exclusive control of the public school fund of said city, the report of the clerk of the criminal court of said city of all fines and forfeitures collected by the sheriff, or with which he is chargeable, and, belonging to the public school fund of the city, should be certified to the board of president and directors of the St. Louis public schools, and if the sheriff fails to pay without delay the money with which he is legally chargeable on his settlement, he forfeits to the school fund double the amount of the funds with which he is chargeable.

This proceeding is highly penal and the command of the execution that the officer have the money before the court on the return day thereof is for his protection so that, if a controversy should arise as to who is entitled to the money collected, that question may be then and there determined by the court.

The authorities cited by the coroner are all cases where the money was collected on ordinary executions, issued on judgments at law for debt or damages, and they, as well as section 4965, Revised Statutes, 1889, in

regard to such executions, have but little bearing on this case. In such cases there may be many instances in which the nominal plaintiff is not entitled to the money collected on an execution, or it may be collected by an abuse of the process of the court, in which event it will be ordered to be returned to him from whom it has thus been exacted by abuse of the process. Even in this kind of case, however, the court would not of its own motion have any power or authority to require the sheriff to pay the money collected by him on such process into court. But in this case, there is no question, nor can there be any, as to who is entitled to the money.

If the petitioner had complied with the order of the court and had paid the money into the criminal court as required by its order, such payment would have been no protection whatever to him, and after return day of the execution, he would have been liable to a proceeding by the school board against him and his securities on his official bond for the money collected and the penalty attached for the non-payment thereof. The sheriff is required by statute to give a large bond for the faithful performance of his duties and the payment over of all moneys collected by him as such sheriff, while the clerk of the criminal court is not presumed to be the custodian of large sums of money, as such clerk, and bond for large sum is not required of him. Certainly the law does not contemplate the payment of moneys collected by the sheriff on fines and forfeitures into the court under such circumstances. The court's duty was to have settled with the sheriff for the amount of all such fines and forfeitures collected by him and not accounted for, and after deducting from such sums the amount of commission and costs necessarily attending the collection thereof, caused the amount of the balance in his hands to be certified by the clerk of the

criminal court to the board of president and directors of the St. Louis public schools, this, and nothing more, had the court the power or authority to do in the premises.

We conclude, therefore, that the order requiring the petitioner to pay the money collected by him on the forfeited recognizance into court, and the order committing him as for contempt for failure to do so, were without the jurisdiction of the court, and absolutely null and void. The petitioner will be discharged and it is so ordered. All concur.