CHICAGO, BURLINGTON & QUINCY RAILROAD
COMPANY, Respondent, v. EDWARD J. GIL-
DERSLEEVE, Defendant; W. J. McDONALD,
Surety, Appellant.

St. Louis Court of Appeals, May 7, 1912.

1. **CONTEMPTS: Civil or Criminal: Distinction.** Where the court
orders a party in a civil action to do a particular thing, and
he declines to do it, and a sentence of imprisonment is im-
posed, for the purpose of compelling compliance with the order,
the contempt is a civil one, the remedy is merely coercive, and
the contemner may have his release by complying with the
order; but where a party does that which he has been ordered
by the court to refrain from doing, and the court adjudges him
guilty of contempt  and imposes a sentence of imprisonment
for a definite time, the contempt is a criminal one and the
sentence imposed is purely punitive in character.

2. ————: **Criminal: Forfeited Recognizance.** A judgment, ad-
judging a defendant guilty of contempt for violating an injunc-
tion which directed him to refrain from doing certain things,
and sentencing him to jail for a specified term, imposes a
purely penal sentence, and a recognizance for an appeal con-
ditioned that defendant would comply with the judgment of
the lower court, if it was affirmed, may, on the affirmance of
the judgment and the failure of defendant to appear in the
lower court for the purpose of abiding its judgment, be for-
feited as though it were a recognizance in a criminal case,
notwithstanding the obligee named (the plaintiff in the in-
junction suit) was a private corporation.

3. **COURTS: Enforcing Rights: Duty.** Courts should deal with
the substance of things as well as mere form.

4. **CONTEMPTS: Criminal: Forfeited Recognizance: School Fund.**
A recognizance, given by a party to a civil suit who appealed
from a judgment, adjudging him guilty of violating an injunc-
tion issued in such suit, and sentencing him to jail for a
definite period, is within section 8, article 11 of the Constitu-
tion, providing that the proceeds of forfeitures shall belong to
the several counties as a public school fund.

5. **SCHOOLS: Forfeited Recognizance: School Fund of St. Louis.**
The word "counties" in section 8, article 11 of the Constitu-
tion, providing that the proceeds of penalties and forfeitures
by whomsoever collected, are held in trust for its school fund,

includes the city of St. Louis; and forfeitures in said city, by whomsoever collected, are held in trust for its school fund.

6. **RECOGNIZANCES: Scire Facias: Demurrer.** On demurrer to a writ of *scire facias*, issued on a forfeited recognizance, the entire record, including what appears on the files and entries of the court, should be considered, and, although the writ may be informal, it will suffice, if, from an inspection of the entire record, it appears that a proper course has been pursued, with full notice to defendant, and no injustice done.

7. ————: ————: **Object of Writ.** The object of a writ of *scire facias*, issued on a forfeited recognizance, is to compel the bail to show cause, if any he has, why the plaintiff should not have execution against him.

8. **CONTEMPTS: Criminal: Forfeited Recognizance: Procedure: Parties.** A recognizance, given by a defendant in a civil suit, who appealed from a judgment, adjudging him guilty of violating an injunction issued in such suit, and sentencing him to jail for a definite period, was conditioned that he would comply with the judgment of the trial court, if it was affirmed, and named the plaintiff (a private corporation) as obligee. The judgment was affirmed, and defendant failing to appear in the trial court to comply with its judgment, the recognizance, on motion of the obligee, was ordered forfeited. Thereupon, a writ of *scire facias* was issued, requiring the surety to show cause why the state of Missouri should not have execution for the penalty of the bond. A judgment was rendered on this writ in the name of the obligee, to the use of the state. *Held*, that it was proper to render judgment in the name of the obligee, to the use of the state, since, under section 8, article 11 of the Constitution, the state had the right to the forfeiture, for the use of the school fund; and that it was proper to issue the writ in the name of the state, as being the real party in interest, since, if the obligee had sued on the recognizance, it could only have done so as trustee for the state, and the course adopted was in the interest of the peace and repose of society, as tending to prevent a circuity of action.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*Chester H. Krum* for appellant.

The proceeding by way of forfeiture and *scire facias* was wholly irregular, without jurisdiction in the

court and void. It is immaterial how the proceeding in contempt should be considered—that is, whether as a civil or a criminal case. The appeal bond was the one ordinarily given in civil causes. The obligation was to the Chicago, Burlington & Quincy Railway Company. The principal and surety were "held and firmly bound unto the Chicago & Burlington Railway Company." "A surety has the right to stand on the letter of his bond." Brookshier v. McIlwrath, 112 Mo. App. 691. If the proceeding in which the bond was given was a civil proceeding, there could be no recovery on *scire facias* by the state of Missouri, because, to say no more, the bond was neither conditioned to the state, nor was there a money judgment. If the proceeding was a criminal proceeding there could be no forfeiture in favor of the state, because the state was a stranger to the obligation.

*E. M. Grossman* for the Board of Education of the City of St. Louis, appearing as *amicus curiae*.

(1) A *scire facias* on a bail bond given in a civil suit may be brought in the name of the state of Missouri, even though the bond runs to the plaintiff, for the state of Missouri is the real beneficiary of the bond. Nott v. Welles, Kirby (Conn.) 12; Bishop v. Drake, Kirby (Conn.) 378; Franklin Union No. 4 v. The People, 121 Ill. App. 647; Fiedler v. Construction Co., 162 Mo. App. 528. (2) The *scire facias* is issued in the name of the state, so as to avoid a circuity of actions. (3) A third party may sue in his own name on a contract made for his benefit.

NORTONI, J.—This is a *scire facias* proceeding on a forfeited recognizance in appeal, as for bail. McDonald, the surety on the recognizance, demurred to the *scire facias,* and upon this demurrer being overruled, he refused to further plead thereto. Thereafter, the court entered final judgment awarding execution,

etc., and from this judgment McDonald alone prosecutes the appeal.

It appears that one Gildersleeve, principal in the recognizance on which McDonald was surety, was engaged in the business of a ticket broker in St. Louis, and plaintiff, Chicago, Burlington & Quincy Railroad Company, instituted a proceeding against him in equity, to the end of restraining his further prosecution of that calling. This injunction suit was tried in the circuit court of the city of St. Louis, and defendant therein, Gildersleeve, was restained in accordance with the prayer of the bill. By the decree in the injuntion suit, Gildersleeve was forbidden to thereafter sell or deal in passenger tickets of plaintiff, Chicago, Burlington & Quincy Railroad Company. Afterwards, Gildersleeve was cited to appear before the circuit court and show cause why he should not be punished for contempt for violating the restraining order above mentioned. Upon his appearing in court and an examination being had touching the matter, he was adjudged in contempt and sentenced to serve fifteen days in the common jail of the city of St. Louis for having willfully violated the injunction. From this order and judgment sentencing him to jail, Gildersleeve prosecuted an appeal to this court, but the case was thereafter transferred from this to the Supreme Court for final determination. In connection with the appeal from the judgment sentencing Gildersleeve to jail, and for the purpose of obtaining a supersedeas with respect to that judgment, Gildersleeve, together with McDonald, his surety, entered into and executed the recognizance in appeal involved here. This recognizance executed by Gildersleeve and his surety, McDonald, is in the penal sum of $500 and is by its terms payable to plaintiff in the injunction suit, the Chicago, Burlington & Quincy Railroad Company. It is the usual form of recognizance provided for in section 2042, Revised Statute 1909, pertaining to appeals in civil cases, and,

instead of stipulating to abide the judgment of this court to which the appeal was originally prosecuted, it provides in general terms, substantially, that Gildersleeve will abide the result of the appeal as determined by any appellate court in which the case may be reviewed. In other words, the recognizance is conditioned to the effect that Gidersleeve "shall prosecute his appeal with due diligence to a decision in the appellate court and shall perform such judgment as shall be given by such court or such as the appellate court may direct the circuit court of the city of St. Louis to give, and if the judgment of said circuit court or any part thereof be affirmed, the said appellant shall comply with and perform the same as far as it many be affirmed and pay all damages and costs which may be awarded against him by any appellate court," failing in this, the recognizance to remain in full force and effect. The appeal from the judgment sentencing Gildersleeve to jail after transfer from this court to the Supreme Court was subsequently disposed of by the latter court. Upon a hearing thereof the adjudication of contempt for having violated the restaining order of the circuit court of the city of St. Louis was in all things affirmed, as will appear by reference to the report of the case. [See Chicago, B. & Q. R. Co. v. Gildersleeve, 219 Mo. 170, 118 S. W. 86.] Upon the mandate, evincing an affirmance of the judgment in the Supreme Court, being filed in the circuit court of St. Louis and duly entered of record there, it was made to appear that defendant, Gildersleeve, the contemnor, was not to be found, and he did not appear for the purpose of abiding the judgment of the court or serving his term in jail. Thereupon, the circuit court, on motion of plaintiff railroad company, after notice to McDonald, the surety, declared his recognizance forfeited, in accordance with the practice in criminal cases when the defendant has absconded and neither appears in court nor is produced by his

bondsmen. Thereafter, the writ of *scire facias,* now under review, was issued in the name of the state of Missouri, commanding both Gildersleeve and his surety, McDonald, to appear in court and show cause why the state of Missouri should not have execution against them for the penal sum of $500, stipulated in the recognizance, as a forfeiture. It appears the *scire facias* was duly served on the surety, McDonald, who is appellant here, and that the principal in the recognizance, Gildersleeve, was not found. McDonald, the surety, appeared in court and demurred to the *scire facias* on the grounds, first, that the *scire facias* does not state facts sufficient to authorize the proceeding, and, second, that the court was without jurisdiction of the subject-matter of the writ. The court overruled this demurrer, and upon McDonald's refusal to further plead, it entered final judgment on the forfeited recognizance in the name of the Chicago, Burlington & Quincy Railroad Company, to the use of the state of Missouri, against Gildersleeve and his surety and awarded execution thereon. It is from this judgment the present appeal is prosecuted by the surety, McDonald.

It is argued, first, that the summary proceeding of forfeiting the recognizance and subsequent *scire facias* thereon may not be sustained for the reason such forfeiture and *scire facias* are not authorized as to a recognizance given in appeal in a civil suit, and, second, that at any rate the surety may stand on the letter of his bond and may not be required to pay the penalty to the state of Missouri when the obligee of the recognizance is the Chicago, Burlington & Quincy Railroad Company. It is to be conceded that our code makes no provision for the summary forfeiture of recognizances in appeal in civil cases and the subsequent issue of *scire facias* thereon. It is to be conceded, too, that the appeal of Gildersleeve from the judgment sentencing him to jail for contempt involved a civil controversy, for such has been expressly decided by the Supreme Court,

touching the identical matter. After Gildersleeve prosecuted his appeal here, a preliminary rule in prohibition was issued against this court by the Supreme Court, on the theory that an appeal would not lie from an adjudication of contempt. On considering that matter, the Supreme Court determined that the adjudication for contempt under which Gildersleeve was sentenced to jail was ancillary to the main case in equity for an injunction, and that, therefore, the statute authorizing appeals in civil cases obtained to the extent of warranting the appeal of Gildersleeve, the contemnor. [See State ex rel. Chicago, B. & Q. R. Co. v. Bland, 189 Mo. 197, 88 S. W. 28.] But though that appeal presented a controversy in a civil case and was, therefore, reviewable under the statute authorizing appeals in such cases, no one can doubt that the adjudication of contempt under which Gildersleeve was sentenced to a term of fifteen days in jail presented as well a punitive element as for a criminal contempt. As to that matter, there was no prayer for, nor did the judgment involve, an award of compensation to plaintiff but it was purely a penal sentence for an affirmative wrongful act on the part of Gildersleeve in violating an express restraining order against him.

It is said the test by which the character of the punishment, whether criminal or civil, is to be determined in such cases, is to ascertain whether the contemnor may undo his wrongful act by proceeding to comply with the order of the court, or whether his wrongful act is a past event affirmatively violating an order forbidding such conduct which he may not undo if he would. For instance, where the court orders one to do a particular thing and he nevertheless declines or refuses, the contempt is regarded as a civil one when a sentence of imprisonment is had—that is, the punishment is regarded as civil in character, for it is only coercive to the end of rendering compliance with the order. In such cases, the contemnor "carries the keys

of his prison in his own pocket" and may be released upon complying with the order. On the other hand, if the defendant does that which he has been commanded not to do, as was done by Gildersleeve here, the disobedience of the court's order is a thing accomplished. Where the defendant in injunction goes forward and does that which the court has expressly ordered him not to do, as by making sales of railroad tickets which were forbidden, an affirmative wrong appears against the majesty of the law as declared by the court. A sentence of imprisonment for a definite time without more for such affirmative wrong is soley punitive in character and certainly involves a criminal element which arises from the willful wrong. As to such matters, the Supreme Court of the United States, in the recent case of Compers v. Bucks Stove & Range Co., 221 U. S. 418, 441, 442, says: "Imprisonment cannot undo or remedy what has been done nor afford any compensation for the pecuniary injury caused by the disobedience. If the sentence is limited to imprisonment for a definite period, the defendant is furnished no key, and he cannot shorten the term by promising not to repeat the offense. Such imprisonment operates, not as a remedy coercive in its nature, but solely as punishment for the completed act of disobedience." The same court says the punishment is not purely remedial as for a civil contempt but instead is punitive and to vindicate the authority of the law as for a criminal contempt. For the same distinction, see Rapalje on Contempts, sec. 21.

Obviously, at the time Gildersleeve and his surety, McDonald, executed the recognizance in appeal, Gildersleeve stood under sentence of a punitive character for a definite term of fifteen days' service in jail. This, together with the payment of the costs of the contempt proceeding, was the entire judgment. Though the appeal then prosecuted was civil in character, so as to entitle it to be heard in the appellate courts under

the statutes pertaining to civil appeals, it is entirely clear that the judgment which was superseded by virtue of the recognizance entered into partook of the character of a judgment of conviction for crime, for unless reversed, it required Gildersleeve to serve fifteen days' time in the common jail. The recognizance and subsequent proceedings thereon must be interpreted in the light of the facts and circumstances surrounding the parties at the time the recognizance was executed and its benefits were availed of by Gildersleeve. He then stood under sentence to serve fifteen days in jail. By entering into and filing this recognizance in connection with his appeal, this judgment was superseded to await the action of the appellate court. Under this recognizance, superseding the judgment of conviction, Gildersleeve enjoyed his liberty and it seems has absconded. Though the recognizance be in form the one employed in connection with appeals in civil cases, obviously its express terms required Gildersleeve to serve the sentence in jail, if the judgment to that effect was affirmed. In substance, the condition of the recognizance is, that he should abide the judgment of the appellate court. It stipulated, too, that if the judgment of the circuit court or any part thereof be affirmed, Gildersleeve should comply with and perform that judgment. Whatever may be said of the recognizance, it expressly bound defendant surety in the penal sum of $500 in the event his principal, Gildersleeve, failed to perform the judgment of the circuit court, which was affirmed. That this provision of the recognizance in the circumstances of the case introduced the element of a bail bond for Gildersleeve no one can doubt. Indeed, except for securing the costs, such is the entire purport of the obligation contained in the bond, though it is not the form employed in criminal cases. After the judgment was affirmed, the circuit court issued its writ of commitment to the sheriff. Upon return being made that Gildersleeve could not be found, McDonald, the

surety, was notified to produce him in court. This he failed to do. Thereupon on motion of the Chicago, Burlington & Quincy Railroad Company, plaintiff, the bond was forfeited as though it were a recognizance in a criminal cause. The statute concerning criminal recognizances (Sec. 5134, R. S. 1909) provides that if the defendant fails to appear for trial or judgment or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes and thereupon the recognizance is forfeited and the same shall be proceeded upon by *scire facias* to final judgment and execution thereon, etc. In view of the element of bail vouchsafed in the recognizance and that the defendant had had full benefit thereof through the cooperation of his surety in obtaining a supersedeas of the judgment, we believe the circuit court very properly forfeited the recognizance as though it were one executed in a criminal case, for surely it served the identical office, and the courts should deal with the substance of things as well as the mere form. It is certainly not improper for the court to effectuate the clear intention of the parties. The mere fact that the Chicago, Burlington & Quincy Railroad Company, obligee in the recognizance, was not competent to take the penal sum of $500 stipulated therein is unimportant, for such was a forfeiture expressly stipulated by Gildersleeve and the surety, McDonald, to be paid in case Gildersleeve did not appear. The recognizance was entered into with full knowledge of our constitutional provision touching forfeitures and this provision essentially entered into the obligation as a silent factor. Under the provisions of section 8, article 11 of our Constitution, the clear proceeds of all penalties and forefeitures shall belong to the several counties as a public school fund. The city of St. Louis is to be regarded as a county within this provision and forfeitures therein by whomsoever col-

lected are held in trust for the school fund of such city. [See In re Staed, 116 Mo. 537, 22 S. W. 859; Fiedler v. Bambrick Bros., 162 Mo. App. 528, 142 S. W. 1111.]

But it is said the *scire facias* writ runs in the name of the state and requires McDonald, the surety, to show cause why the state of Missouri should not have execution for the penal sum confessed, whereas the obligee in the recognizance is the Chicago, Burlington & Quincy Railroad Company. The argument is, that the surety may stand on the strict terms of his bond and is not required to respond to one other than the obligee nominated therein. It is said that because of this alone the demurrer should have been sustained. The general proposition advanced as to the surety's right may be conceded to be true, but in disposing of this question, we are not confined to what appears on the face of the writ, for, on demurrer to such a writ, the entire record, including what appears on the files and entries of the court, is under review. In other words, though the writ itself be in some respects informal, it may suffice if from an inspection of the entire record it appears a proper course has been pursued with full notice to defendant and no injustice done. [See State v. Randolph, 22 Mo. 474; State v. Potts, 60 Mo. 368; 19 Enc. Pl. & Pr. 317.] The object of the writ of *scire facias* is to compel the bail to show cause, if any he has, why plaintiff should not have execution against him. [19 Enc. Pl. & Pr. 295; Tidd's Practice 1100; Blackstone's Comm. 417.] On looking into the record, it appears that both the forfeiture and the judgment awarding execution were had in the name of the Chicago, Burlington & Quincy Railroad Company, obligee in the recognizance, to the use of the state of Missouri, and, therefore, the requirment in the writ itself for McDonald to show cause why the state of Missouri should not have execution reckons with the fact that, under the Constitution, the state was the proper party to collect the forfeited penalty for the school fund.

In other words, the writ of *scire facias,* instead of substituting the state of Missouri for the obligee in the bond, does no more than introduce the state as the real party in interest entitled to the penalty forfeited, in the name of the plaintiff, for the school fund. No one can doubt that the provisions of the Constitution above referred to devolved the right to the forfeiture upon the state of Missouri, as the substantial party in interest for the use of the school fund, and it appears in the record that the judgment given was in the name of the Chicago, Burlington & Quincy Railroad Company, obligee in the recognizance, to the use of the state of Missouri in that behalf. In Howel v. March, 1 Mo. 128, a *scire facias* was had on a bail bond executed to the sheriff. The Supreme Court there said that the sheriff might assign the bond to the real party in interest and thus enable him to maintain the suit, or, if such assignment were not made, it was competent for the *scire facias* proceeding to be had in the name of the sheriff to the use of the party in interest. Such is the course pursued here, for the forfeiture and judgment proceed in the name of the obligee in the bond to the use of the state of Missouri, and the writ on its face does no more than treat the state of Missouri as the substantial party in interest entitled to collect the fund. In an early case in Connecticut, a recognizance was taken in favor of the adverse party, Northrop, but under the statute the county treasurer was the real party in interest, as is the state of Missouri to the use of the school fund here. A *scire facias* was issued on forfeiture of recognizance, in the name of the county treasurer, and not in the name of Northrop, the connusee. It was urged this substituted a new obligee. The Supreme Court said: "A *scire facias* is different from an action of debt upon the bond; and need be no more than a citation to the bail, to show reasons why, from the equity of the case, on the proceedings recited, he should not pay the sum awarded

against the pricipal; and may, for anything in the statute, or nature of the process, to the contrary, whatever the common practice may have been, be as well brought in the name of the party to the judgment who is to have benefit of the recognizance, as of the connusee, who has no interest therein; and better, as the party may thereby avoid embarrassments and a circuity of actions, in coming at his right.'' [See Bishop v. Drake (Conn.), Kirby's Rep. 378, 382, 383.] Under these authorities, it was competent for the forfeiture and judgment to be given in the name of the obligee in the bond, to the use of the state as the party in interest, and competent, too, for the *scire facias* to issue in the name of the state and require a showing to be made why it, as the real party in interest, should not have execution for the forfeiture. Obviously, such a course is in the interest of the peace and repose of society, as tending to prevent a circuity of action, for had the Chicago, Burlington & Quincy Railroad Company sued on the bond and recovered the forfeiture, it could only have done so as trustee for the school fund and the state, in turn, by means of another action could have recovered from it. As the railroad company had no interest in the forfeiture, except in so far as the payment of costs were concerned, the state is entitled to the balance under the provision of the Constitution ''as the clear proceeds of a forfeiture.'' The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.